**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**ALBERT J. MARTIN,**

      **Plaintiff,**

      v.

                                            Case No.      05-C-0209

**NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,**

      **Defendant.**

## DECISION AND ORDER

**I.    BACKGROUND**

Albert J. Martin ("Martin") has filed suit against his former employer, Northwestern Mutual Life Insurance Company ("NML"), under both federal and Wisconsin law for discrimination on the basis of race, sex and disability. Martin represents himself in this lawsuit and seeks relief under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1981 & 1985, and the Wisconsin Fair Employment Act ("WFEA" or "the Act"). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure and Civil Local Rules 7.1 and 12.1, NML has filed a motion to dismiss for failure to state a claim upon which relief can be granted.[1]

## II. ANALYSIS

The Federal Rules of Civil Procedure require that a complaint contain:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) *a short and plain statement of the claim showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a) (emphasis added). In general, a complaint must include operative facts upon which the plaintiff bases his claims. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992); *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir. 1988); *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 198 (7th Cir. 1985). However, a plaintiff need not allege facts in the complaint corresponding to every element of a statutory cause of action. *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). A complaint is sufficient if it notifies a defendant of the accusation against him; detailed facts and legal particularities generally are not required at the pleading stage. *Id.*

---

[1] NML's motion does not specify which subsection of Rule 12 it invokes. (*See* Def.'s Mot. to Dismiss.) Nevertheless, NML has titled its supporting brief: "Defendant's Brief in Support of its Motion to Dismiss for Failure to State a Claim." Thus, the Court understands that NML seeks dismissal pursuant to Rule 12(b)(6).

On a procedural note, NML has failed to provide Martin with the information contained in Civil Local Rule 56.2, as required by this Court's local rules. Civil Local Rule 56.2 governs motions for summary judgment and a copy of that rule must be provided to any *pro se* party against whom an adversary seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. NML's omission has no bearing on the Court's analysis, which proceeds within the parameters of Rule 12(b)(6). Keeping within the limits of this analysis, the Court has not considered any affidavits, declarations, or other materials extraneous to the complaint. Likewise, the Court has not considered arguments of the parties related to these extraneous materials. Nor has the Court reviewed Martin's "response" to NML's reply brief or the documents appended thereto. Under this Court's briefing rules, the non-movant's reply terminates briefing; the Court will not accept further briefing absent leave from the Court and/or the presence of extraordinary circumstances.

2

Pursuant to Rule 12(b)(6), a defendant may move to dismiss a complaint that fails to state a claim upon which relief can be granted. A complaint fails to state a claim if it appears beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). A plaintiff may also plead himself out of court by alleging facts that defeat his requests for relief. *See Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006) ("A plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits."); *Doe*, 429 F.3d at 708; *Lekas v. Briley*, 405 F.3d 602, 603 (7th Cir. 2005).

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts and allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). In the present action, because Martin is a *pro se* plaintiff, the Court must liberally construe his complaint, however unartfully pleaded. *See Haines*, 404 U.S. at 520-21.

### A. Allegations in the Complaint

Martin, an African-American male, began his employment with NML on January 27, 1997, as an information technology professional. (Compl. ¶¶ 5-6.) Martin suffers from generalized anxiety disorder, social phobia and/or agoraphobia. (*Id.* at ¶ 7.) NML was aware of Martin's conditions upon hiring him; in fact, Martin's managers regularly and openly

3

discussed his condition. (*Id.* at ¶ 8.) In 2004, Martin sought various accommodations for his disabilities, but NML denied these requests.

During his employment at NML, Martin was subjected to adverse and differential treatment by managers and co-workers because of his race, sex, and disability. (Compl. ¶¶ 10-14.) This adverse and differential treatment included: being denied appropriate training, being given assignments that were undesirable and inappropriate for his skills, being subjected to extraordinary and unfair scrutiny, being denied weekend access to the office, being denied the ability to reopen case work though other co-workers were allowed to do so, and being subjected to a hostile environment where he received negative comments and reviews. (*Id.* at ¶¶ 15-19.) As a result of this adverse treatment, Martin has suffered personal injury through both the aggravation of his disorders and economic loss. (*Id.* at ¶¶ 31-32.)

### B.     Adverse Employment Action

NML first contends that Martin's complaint is fatally defective because he has failed to plead any adverse employment action, an element required to succeed on his federal claims. (Def.'s Br. in Supp. of Mot. to Dismiss ("Supp. Br.") 5.) NML is correct that, in order to prevail on a Title VII claim, a plaintiff must demonstrate a materially adverse employment action. *Traylor v. Brown*, 295 F.3d 783, 788-89 (7th Cir. 2002). Claims under 42 U.S.C. § 1981 are evaluated using the same standards as Title VII claims. *Williams v. Waste Mgmt. of Ill., Inc.*, 361 F.3d 1021, 1028 (7th Cir. 2004). Likewise, a plaintiff must demonstrate an adverse employment action to prevail on an ADA claim. *Moore v. J.B. Hunt*

4

*Transp., Inc.*, 221 F.3d 944, 950 (7th Cir. 2000). To demonstrate an adverse employment action, a plaintiff must show a:

> materially adverse change in the terms and conditions of employment . . . more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

*Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993).

NML has confused the liberal requirements of pleading standards with the burden that a litigant must ultimately discharge to succeed on his claims.[2] In other words, what a plaintiff must plead to survive a Rule 12(b)(6) motion is different from the burden he must discharge to succeed on the ultimate merits of his action. Martin's complaint alleges adverse and differential treatment by managers and co-workers based upon his race, sex and disability. NML, however, contends that the specific examples of differential treatment given by Martin do not, as a matter of law, constitute adverse employment actions under any set of circumstances. (Supp. Br. 5.)

Summary judgment is the better vehicle for attacking the sufficiency of factual allegations related to adverse actions. After all, Martin has not asserted facts in his complaint that would entirely bar recovery. *See Kolupa*, 438 F.3d at 715 ("Whether any given step is

---

[2]NML cites numerous cases, in both its supporting brief and reply, to demonstrate that Martin's alleged adverse actions are insufficient as a matter of law. However, all of those cases, except for one, involved adjudications of motions for summary judgment. The lone case not involving summary judgment, from the Eastern District of New York, addressed a motion to amend. *See Scafidi v. Baldwin Union Free Sch. Dist.*, 295 F. Supp. 2d 235 (E.D.N.Y. 2003).

5

an adverse employment action (alone or in combination with some other act) goes to the merits; these details may be explored in discovery, on motion for summary judgment, and if necessary at trial, but need not be included in complaints."). Under federal pleading standards, Martin's complaint has done precisely what it needed to do: put NML on notice that Martin was bringing a discrimination action based upon NML's treatment of Martin while he was an employee. *Doe*, 429 F.3d at 708. Furthermore, facts can readily be imagined, in addition to those already pleaded by Martin, that might entitle him to relief. *See Kolupa*, 438 F.3d at 715 ("A plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits.") Thus, the Court will not dismiss Martin's complaint; further factual development may show that Martin was subjected to adverse employment actions.

Even if the allegations in the complaint do not constitute an adverse employment action, Martin was never required to plead such. As Judge Easterbrook has noted, "Any decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b)." *Id.* Discrimination actions do not fall within the special pleading requirements of Rule 9(b). Furthermore, the plain wording of Martin's complaint suggests that he has only alleged certain of the discriminatory actions taken against him. He qualifies various allegations in his pleading by stating that "[t]he adverse treatment referred to in paragraph 10 *included* . . . ." (Compl. ¶¶ 15-19) (emphasis added). Drawing all inferences in Martin's favor, there may be acts, which, alone

6

or in tandem with facts already pleaded, will vindicate his claims. For these reasons, the Court finds that the complaint states a claim for relief and denies NML's motion to dismiss Martin's federal claims.

### C. State Claim under the WFEA

NML also argues that Martin's claim under the WFEA should be dismissed because the WFEA does not create a private cause of action. To determine whether a state statute creates a private cause of action, federal courts look to the interpretations of that statute by the state's courts. *See Morley-Murphy Co. v. Zenith Elecs. Corp.*, 142 F.3d 373, 376 (7th Cir. 1998). Wisconsin courts are divided whether the WFEA creates a private cause of action.

In *Yanta v. Montgomery Ward & Company*, 224 N.W.2d 389 (Wis. 1974), the Supreme Court of Wisconsin allowed a private cause of action under the WFEA. In that case, the plaintiff had previously been awarded an injunction by the state administrative agency charged with enforcing the WFEA, but an award of back pay was not then available under the Act. *Yanta*, 224 N.W.2d at 390. Shortly after the WFEA was amended to allow the agency to award back wages, the plaintiff brought suit in state court seeking the same. *Id.*

Several years later, a Wisconsin court of appeals carefully delineated the holding in *Yanta*. In *Bachand v. Connecticut General Life Insurance*, 305 N.W.2d 149 (Wis. Ct. App. 1981), the court narrowly interpreted *Yanta* to stand for the proposition that a private cause

7

of action arose under the WFEA only in those limited circumstances where the remedy sought by the litigant was previously unavailable through administrative proceedings. *Id*. at 152. The *Bachand* court explained that:

> . . . *Yanta* teaches the following. When the legislature provides a new remedy for unlawful discrimination, the remedy is exclusive except where: (1) the legislature provides a new remedy (backpay in this instance); (2) for a proven statutory violation which previously was not available in the administrative process, and (3) which new remedy was not available to the plaintiff in the [administrative agency] action simply because the amendment came too late. Therefore, although the statute [i.e., the WFEA] specifically directed all remedies to be pursued through [the administrative agency], the amendment of the statute to permit the awarding of backpay mandated relief even if the administrative avenue was not available because of timing.

*Bachand*, 305 N.W.2d at 152-53. Since *Bachand*, many courts have undertaken similar analyses and concluded that *Yanta* did not establish a general private cause of action under the WFEA. *See, e.g.*, *Staats v. County of Sawyer*, 220 F.3d 511, 516 (7th Cir. 2000); *Waid v. Merrill Area Pub. Sch.*, 91 F.3d 857, 866 (7th Cir. 1996); *Reed v. Johnson Controls, Inc.*, 704 F. Supp. 170, 171 (E.D. Wis. 1989); *Busse v. Gelco Express Corp.*, 678 F. Supp. 1398, 1401-02 (E.D. Wis. 1988); *Bourque v. Wausau Hosp. Ctr.*, 427 N.W.2d 433 (Wis. Ct. App. 1988).[3] This Court, too, finds that the limited circumstances, which prompted the *Yanta* court to permit a private cause of action, are not present in the instant case. Furthermore, based on a review of Wisconsin case law and federal case law interpreting the WFEA, this

---

[3] The Supreme Court of Wisconsin, post *Yanta*, did permit a private cause of action for back pay under the WFEA in *Kurtz v. City of Waukesha*, 280 F.2d 757, 762-63 (Wis. 1979). Some courts have seized on the language in *Yanta* and *Kurtz* and concluded that the WFEA creates a general private cause of action. *See Zimmer v. Manitowoc Shipbuilding, Inc.*, 603 F. Supp. 1159, 1162 (E.D. Wis. 1985); *Shanahan v. WITI-TV*, 565 F. Supp. 219, 221, 223 (E.D. Wis. 1982); *Elbe v. Wausau Hosp. Ctr.*, 606 F. Supp. 1491, 1500 (W.D. Wis. 1985).

8

Court agrees with those courts which have held that the WFEA does not create a private cause of action beyond those particular factual circumstances examined in *Yanta* and circumscribed by *Bachand*. Martin cannot maintain a private cause of action against NML under the WFEA.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

NML's Motion to Dismiss (Docket No. 18) is **GRANTED** in part and **DENIED** in part.

Martin's claim for relief pursuant to the WFEA is **DISMISSED** with prejudice.

Dated at Milwaukee, Wisconsin this 31st day of March, 2006.

                                         **BY THE COURT**

                                         **s/ Rudolph T. Randa**
                                         **Hon. Rudolph T. Randa**
                                         **Chief Judge**