# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ALBERT J. MARTIN,**

    **Plaintiff,**

    v.

                                              Case No.     05-C-0209
                                                                           05-C-1097

**NORTHWESTERN MUTUAL**
**LIFE INSURANCE COMPANY,**

    **Defendant.**

# ORDER

Albert J. Martin ("Martin") has filed suit against his former employer, Northwestern Mutual Life Insurance Company ("NML"), for discrimination on the basis of race, sex and disability. In fact, Martin has filed two suits in this Court; the complaints in both actions contain virtually identical allegations and similar requests for relief. Martin filed his first complaint (Case No. 05-C-0209) in this Court on February 22, 2005. A second action (Case No. 05-C-1097) was commenced with the filing of another complaint, on October 13, 2005.

Martin is proceeding *pro se* in both actions. The Court can only assume that the opening of the second action was an oversight. Most likely, Martin intended to amend or supplement his original complaint by including certain allegations of retaliatory conduct by NML. Perhaps, Martin, having reviewed NML's motion to dismiss (attacking the complaint

in the first-filed action), also wished to cure certain pleadings defects while adding further allegations. This seems likely insofar as Martin's complaint in his first action contained a claim for relief under the Wisconsin Fair Employment Act (WFEA), whereas the original complaint in the second action does not seek relief under the WFEA. NML filed a motion to dismiss in the first action, arguing, *inter alia*, that the WFEA did not support a private cause of action. Martin may have thought there was something to this argument and therefore filed his second complaint–which became the first complaint in the 05-C-1097 action–minus the WFEA claim. More perplexing is NML's filing of motions to dismiss in each action rather than requesting consolidation of the matters.

Regardless of how dual actions came to be, Martin cannot maintain two separate actions related to the same events, against the same defendant, and seeking identical relief. This is how the Court will proceed: The originally filed action (Case No. 05-C-0209) will be consolidated with the second action (Case No. 05-C-1097). The parties are advised that, pursuant to this Court's local rules:

> When two or more cases are consolidated, all documents relevant to the purposes for which consolidation was granted will thereafter be docketed only on the docket sheet for the lowest numbered of the consolidated cases. All such documents will be filed in the case file for that case and only the original and one copy of a document must be filed. A notation to check the docket sheet for the lowest numbered case will be entered on the docket sheet(s) for the higher numbered case(s).

United States District Court for the Eastern District of Wisconsin, Local Rules, Civ. L.R. 42.1(b). Thus, all future submissions should be listed under the 05-C-209 case number.

2

Consolidating the matters does raise certain problems. The first complaint–that is, the only complaint filed in the unconsolidated 05-C-0209 action–has already been attacked by a Rule 12(b)(6) motion, which the Court adjudicated. Another motion to dismiss (filed against the amended complaint in the 05-C-1097 action) is still pending. The Court will treat the 05-C-1097 amended complaint as the current complaint in the consolidated action, and hence an amendment not only of the original 05-C-1097 complaint, but also the lone 05-C-0209 complaint.[1]

NML's motion to dismiss, originally filed in the 05-C-1097, is thus still pending before the Court.

---

[1] If the 05-C-0209 complaint is treated as the consolidated action's original complaint, the first complaint of the 05-C-1097 action would be properly characterized as an amended complaint, filed as a matter of right. The 05-C-1097 action's filed amended complaint would, in effect, become a second amended complaint. A second amended complaint, however, can only be filed with leave of the Court or written consent of the adverse party. *See* Fed. R. Civ. P. 15(a). The Court, to streamline the consolidation of these actions, grants such leave as necessary.

3

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The clerk of court **SHALL** consolidate actions 05-C-0209 and 05-C-1097, both captioned Albert J. Martin v. The Northwestern Mutual Life Insurance Company.

Dated at Milwaukee, Wisconsin this 10th day of April, 2006.

                                **BY THE COURT**

                                s/ Rudolph T. Randa
                                **Hon. Rudolph T. Randa**
                                **Chief Judge**