# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ALBERT J. MARTIN,**

                **Plaintiff,**

                                                                 Case No. 05-CV-0209
                                                                 05-CV-1097

              -vs-

**THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,**

                **Defendant.**

# DECISION AND ORDER

This matter is before the Court on Northwestern Mutual Life Insurance Company's ("NML") Motion to Dismiss Portions of the Amended Complaint for Failure to State a Claim. A brief review of the procedural and substantive history of this matter will illustrate why NML's motion should be denied with little discussion.

On February 22, 2005, Albert Martin ("Martin"), acting *pro se*, filed a complaint against NML under both federal and Wisconsin law for discrimination on the basis of race, sex and disability. Martin's complaint was assigned Case No. 05-CV-0209. He filed this claim based on a right-to-sue letter issued by the EEOC pursuant to EEOC Charge No. 260-2004-05480, which was attached to the complaint. On April 12, 2005, NML moved to dismiss Martin's complaint in Case No. 05-CV-0209. NML argued that the entire complaint should be dismissed as a matter of law because none of the alleged discriminatory acts were materially adverse employment actions. Alternatively, NML argued that Martin's claim under Wisconsin law (the

Wisconsin Fair Employment Act) should be dismissed because no private cause of action exists under the WFEA.

On October 13, 2005, Martin filed another *pro se* complaint in this Court, alleging virtually identical allegations and similar requests for relief as Case No. 05-CV-0209, absent the WFEA claim. An Amended Complaint was filed five days later on October 18, 2005. This complaint was assigned Case No. 05-CV-1097. Martin filed this claim based on a right-to-sue letter issued by the EEOC pursuant to EEOC Charge No. 260-2005-02784.

On March 31, 2006, the Court issued a Decision and Order which granted in part and denied in part NML's motion to dismiss Martin's complaint in Case No. 05-CV-209. The Court rejected NML's argument that Martin failed to plead any adverse employment actions and held that Martin's complaint survived under the liberal pleading standards established in the federal rules. The Court granted NML's motion with respect to Martin's WFEA claim.

On April 10, 2006, the Court consolidated Case No. 05-CV-209 and Case No. 05-CV-1097. The Court stated that it would "treat the 05-C-1097 complaint as the current complaint in the consolidated action, and hence an amendment not only of the original 05-C-1097 complaint, but also the lone 05-C-0209 complaint." (April 10, 2006 Order, p. 3, Docket # 36).

In the motion to dismiss now pending before the Court, which was filed in Case No. 05-CV-1097 before these cases were consolidated, NML argues that all of Martin's claims except for the retaliation claim should be dismissed. According to NML, the charge underlying the amended complaint in Case No. 05-CV-1097, EEOC Charge No. 260-2005-02784, which is now the amended complaint for this consolidated action, alleged only retaliation for filing an earlier charge, EEOC Charge No. 260-2004-05480, the charge which formed the basis for Case No. 05-CV-0209. (*See* Defendant's Brief, pp. 3-4, Docket # 13). Therefore, NML argues that Martin

-2-

has failed to exhaust his administrative remedies with respect to all of the claims in the amended complaint, except for the retaliation claim.

However, by virtue of consolidation, the Court has treated the amended complaint in Case No. 05-CV-1097, which was based on the retaliation charge, as an amended complaint with respect to the single complaint filed in Case No. 05-CV-209. Therefore, given the Court's obligation to liberally construe Martin's *pro se* complaint, the amended complaint relates back to and incorporates all of the allegations in the original complaint. *See, e.g., Martin v. Tyson*, 845 F.2d 1451, 1454 (7th Cir. 1988) (given the Court's obligation to accord liberal reading to *pro se* pleadings, allegation in original complaint survived amendment of the complaint).

NML also argues, as it did in its prior motion to dismiss, that the majority of Martin's claims should be dismissed because his allegations do not rise to the level of materially adverse employment actions as a matter of law. This argument is rejected for the same reasons set forth in the Court's March 31, 2006 Decision and Order. *See* March 31 Decision and Order, p. 5: "NML has confused the liberal requirements of pleading standards with the burden that a litigant must ultimately discharge to succeed on his claims. . . . Summary judgment is the better vehicle for attacking the sufficiency of factual allegations related to adverse actions."

Finally, NML argues, as it did in its initial motion to dismiss, that Martin's state law claim should be dismissed because there is no private cause of action under the WFEA. Martin does not appear to be pursuing a WFEA claim in his amended complaint. To the extent that he is, the Court will grant NML's motion. *See* March 31 Decision and Order, p. 9: "the WFEA does not create a private cause of action beyond those particular factual circumstances examined in *Yanta* [*v. Montgomery Ward & Company*, 224 N.W.2d 389 (Wis. 1974)] and circumscribed by *Bachand* [*v. Connecticut General Life Insurance*, 305 N.W.2d 149 (Wis. Ct. App. 1981)]."

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. NML's Motion to Dismiss Portions of the Amended Complaint [Docket # 12 in Case No. 05-CV-1097] is **GRANTED IN PART** and **DENIED IN PART**;

2. Martin's claim under the WFEA is **DISMISSED WITH PREJUDICE**;

3. NML's motion is **DENIED** in all other respects;

4. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **November 8, 2006** at **9:30 a.m** (Central Time). Please be available at that time. The Court will initiate the call;

5. The purpose of the conference call will be to establish a Scheduling Order which will limit the time:

    a. to join other parties and to amend the pleadings;

    b. to file and hear motions;

    c. to complete discovery; and

    d. to disclose experts;

6. The Scheduling order may also include:

    a. the date or dates for subsequent Rule 16 conferences, a final pretrial conference and trial; and

    b. any other matters appropriate in the circumstances of the case;

7. The time limitations set forth in the Scheduling Order shall not be modified except upon showing of good cause and by leave of the Court. Fed. R. Civ. P. 16(b)(6);

8. Special attention should be given to Rule 26(f), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone;

9. Rule 26 also mandates that the parties, within fourteen (14) days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents;

10. In addition to the matters specified in subsections (1)-(4) of Rule 26(f), the Court requests that the proposed discovery plan submitted by the parties include a very brief statement of the nature of the case, lasting no more than several sentences.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2006.

                                        **SO ORDERED,**

                                **s/ Rudolph T. Randa**
                                **HON. RUDOLPH T. RANDA**
                                **Chief Judge**